(No. 4701— )

WILLIAM J. JONES, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed October 25, 1957.*

DONALD T. MORRISON, JR., Attorney for Claimant.

LATHAM CASTLE, Attorney General; RICHARD F. SIMAN, Assistant Attorney General, for Respondent.

FEARER, J.

An amended petition was filed in this Court on February 15, 1956, in which it is alleged by claimant that respondent maintained a certain public highway known as U. S. Route No. 12, also referred to in the record as Rand Road, at or near Wilke Road in Cook County, Illinois. On February 5, 1955, respondent, by and through its agents, being highway maintenance men, who were in charge and control of two state trucks with snowplows attached to the front of each, was engaged in removing snow from Route No. 12. The vehicles were traveling in a southeasterly direction removing an accumulation of snow, which had fallen during the evening of February 4, 1955 and the early morning hours of February 5, 1955.

In the amended complaint, it is further set forth that claimant, William J. Jones, was operating an automobile on Route No. 12 in a northwesterly direction, and was in the exercise of due care and caution for his own safety and the safety of others. Claimant further charges that the operation of the snowplows by respondent's agents was dangerous, and a hazard to the vehicles traveling on said highway, unless due warnings and lights were present and operating upon such snowplows, and unless such snowplows were being operated with extreme care and caution.

It is further alleged that said snowplows were being operated in a tandem fashion, so that one snowplow was proceeding in a southeasterly direction partially in the inner northwest-bound lane and partially in the inner southeast-bound lane, and the other snowplow was proceeding southeasterly in the inner southeasterly-bound lane partially in the outer southeast-bound lane.

Respondent, by and through its agents, was guilty of one or more of the following wilful and wanton acts of carelessness and utter disregard for the safety and rights of others:

 (a) Operated a snowplow in a southeasterly direction in a northwest-bound lane;

 (b) Failed to furnish or cause to be operated any danger or warning signals whatever on either of the two snowplows;

 (c) Failed to furnish or cause to be operated and illuminated any headlights or other lights whatever on the snowplow, which was traveling in a southeasterly direction in the inner northwest-bound lane and inner southeast-bound lane;

 (d) The employees of the state were in a state of exhaustion and fatigue, so as to be incompetent to operate such vehicles with the high degree of care and skill necessary to protect the rights of others.

As a direct and proximate result of such negligence, and wilful and wanton carelessness, the snowplow proceeding southeasterly in the inner southeast-bound lane and in the inner northwest-bound lane struck and collided with the automobile of claimant, and greatly damaged the automobile. Claimant received personal injuries, and brings this action for $7,500.00 for property damage and personal injuries, alleging that there were certain subrogation rights of a third party for property damage, and that he was only claiming $50.00, being the deductible portion of his policy, in addition to his personal injuries.

No answer having been filed by respondent, a general traverse or denial of the complaint will be considered.

The record consists of the following:

1. Complaint.
2. Motion of respondent for an extension of time to and including April 16, 1956 in which to file pleadings.
3. Proof of service of a copy of the motion of respondent on counsel for claimant.
4. Order of the Chief Justice granting the motion of respondent for an extension of time to and including April 16, 1956 in which to file pleadings.
5. Amended petition.

6. Bill of Particulars.
7. Departmental Report.
8. Transcript of evidence.
9. Claimant's X-Ray exhibits Nos. 1 to 6.
10. Respondent's exhibit No. 1.
11. Abstract of evidence.
12. Brief of claimant.
13. Brief of respondent.
14. Reply brief of claimant.
15. Commissioner's Report.

On the evening of February 4, 1955 and early morning hours of February 5, 1955, snow had fallen to such an extent on U. S. Highway No. 12 in the northerly and northwesterly parts of Cook County, which included the area at or near the intersection of Rand and Wilke Roads, that it was necessary to remove it from said highway in order to provide safe traveling conditions for the general public.

At or about the hour of 4:30 A.M. on February 5, 1955, two employees of the Division of Highways were operating a 1954 International 2½ ton truck with a blade snowplow and frame mounted on it, and were engaged in the removal of the snow. The truck was traveling in a southeasterly direction in the inner lane of a four-lane highway, said highway being approximately forty feet in width. The northbound and southbound traffic lanes were divided by two lines running down the center of said highway. The truck, at said time and place aforesaid, was being driven at a speed of not to exceed twenty miles per hour. The truck had the following complement of lights, all of which were lighted: two headlights mounted on the top of the cab, a red flasher light mounted at the center of the top of the cab, three orange colored courtesy lights on the back and near the top of the cab, a tail light, and a stop light on the rear.

Claimant, an employee of William Dudek Manufacturing Company, had worked until the early hours on the morning in question, and, after changing his clothes, started to drive to McHenry, Illinois. He was traveling on U. S. Highway No. 12 in a northwesterly direction, and, at or near Wilke Road, while driving said automobile, being a 1954 Chevrolet sedan, in the center of said highway, struck the left front portion of said snowplow, and then proceeded in an easterly direction. He finally stopped his automobile in a ditch approximately two hundred feet from the point of impact. Claimant sustained personal injuries, as well as property damage to his automobile.

The record is clear that the maintenance men were performing a governmental function, as distinguished from a ministerial function, in the removal of snow and ice from said highway at the time in question.

It is apparent that claimant was confused as to the center portion of said highway, being the dividing line for northbound and southbound traffic, as he was following a path, which apparently was in the center of the highway, and partially in the inner southbound traffic lane. This was the traffic lane that the truck and snowplow were also traveling in.

It is apparent from the record that claimant could or should have seen the lights on the cab of the truck and the headlights thereon, and should have known that the State of Illinois, under the circumstances, would be clearing said highways. Claimant had over twenty feet, not including the shoulder, upon which to drive his automobile, and could have safely cleared the snowplow, which was in the innermost southbound traffic lane. His excessive speed is indicated by the distance he traveled after striking the left front of the snowplow.

Respondent's agents, at the time and place aforesaid, as has been previously stated, were performing a governmental function. *Mower* vs. *Williams*, 402 Ill. 486, quoting from page 491: "That the state is immune can hardly be questioned. Section 26 of Article IV of the Constitution of 1870 states: 'The State of Illinois shall never be made defendant in any court of law or equity'. Neither is a state agency liable. *Minear* vs. *State Board of Agriculture*, 259 Ill. 549."

Quoting further from page 493: "That the removal of such snow and ice is a governmental as distinguished from a ministerial function appears as a reasonable proposition when circumscribed by conditions necessitating the overcoming of the hazard of snow and ice, with its attending danger to life and property, especially when it is of such magnitude that private means are not adequate to deal with the problem, and where the public welfare demands, and the public relies on the state to meet the problem".

Furthermore, claimant, even though he has alleged, has not proven that the agents of the State of Illinois were guilty of wilful and wanton conduct. In fact, claimant has not maintained the burden of proving, first, that he was free from contributory negligence, and did not contribute to his own injury; and, secondly, that it was the negligence of respondent's agents, which was the proximate cause resulting in his injury. This claimant is bound to do before this Court would consider the question of damages alleged and proven.

We believe that claimant was negligent in that he continued to drive his automobile in a direct course at or near the inner southbound traffic lane, driving in tracks made previously by vehicles, and did not turn said auto-

mobile away from said course in an easterly direction even though he had over twenty feet within which to drive said automobile to avoid striking the vehicle driven by respondent's agents in clearing the snow from the inner southbound traffic lane.

Claimant saw the lights on respondent's truck, and continued to drive in a direct course after seeing the lights in close proximity to the center of said highway where he was traveling. Had he had his car under control, claimant had ample opportunity to turn from the direct course in which he was traveling and avoid striking the left front of the snowplow. Furthermore, we believe that he was traveling at a high and dangerous rate of speed, taking into consideration the traffic, the use of the way, and the condition of the highway. He knew, or should have known, that driving conditions were perilous, and should have realized the possibility that respondent would be cleaning the snow from said highway. The fact that he was driving at a fast and dangerous rate of speed, under the conditions, is borne out by the testimony that his automobile traveled some two hundred feet from the point of impact to where it came to rest in a ditch on the east side of said highway.

It is, therefore, the opinion of this Court that claimant's claim should be denied.